1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., | CASE NO. 5:11-cv-06168 RMW |
| Plaintiff, | **ORDER GRANTING IN PART MOTION TO AMEND JUDGMENT** |
| v. | |
| MINH TU NGUYEN, | |
| Defendant. | [Re Docket No. 20] |

Plaintiff Joe Hand Promotions, Inc. moves the court to alter or amend its previous order granting default judgment against defendant Minh Tu Nguyen. *See* Order, Dkt. No. 19. Joe Hand Promotions argues the court committed clear error in its damage award. It seeks a larger award based upon an interception of a satellite broadcast instead of interception of a cable broadcast and because the statutory damages initially awarded were insufficient. The court submits the matter on the papers.[1] L.R. 7-1(b). For the reasons set forth below, the court alters the judgment to award $7,500 in statutory damages.

A motion to alter or amend judgment is appropriate under Federal Rule of Civil Procedure 59(e) if "the district court committed clear error or made an initial decision that was manifestly unjust." *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001). Joe Hand Promotions

---

[1] Nguyen did not file an opposition to Joe Hand Promotions' motion.

ORDER GRANTING IN PART MOTION TO AMEND
JUDGMENT
CASE NO. C-11-06168-RMW
- 1 -

1  fails to provide any new evidence or new cases suggesting the court's order was unjust or in clear
2  error.  However, the court finds that its initial award of $2,000 was manifestly unjust.

3  Joe Hand Promotions argues that the court should have awarded damages based upon an
4  interception of satellite broadcasts under 47 U.S.C. § 605 instead of as an interception of a cable
5  broadcast under section 47 U.S.C. § 553.  Mot. at 4-5.  However, Joe Hand Promotions does not
6  offer any new evidence or new law in support of its argument.  Rather it submits that its "alternate
7  rationale is more appropriate" than what the court previously determined. Mot. at 4.  A more
8  appropriate rationale is not a clear error, and therefore Joe Hand Promotions has failed to make the
9  required showing to alter the judgment with regards to which law should apply.

10  Joe Hand Promotions also argues that the statutory damages initially awarded were insufficient
11  to compensate Joe Hand Promotions and did not serve the purpose of deterring pirating activity.  Mot.
12  at 5-10.  The court agrees.  The defendant's establishment had about fifty patrons and the event was
13  shown on ten screens.  Although there is no evidence that defendant promoted the showing of the
14  event, it is reasonable to assume that a number of patrons were at the bar to see the event.  Deterrence
15  of piracy is an appropriate consideration in awarding damages.  Under the circumstances, an award of
16  $7,500 in statutory damages should serve as a deterrent to similar future conduct.

**ORDER**

The default judgment is amended to award $7,500 in statutory damages under 47 U.S.C. 553(c)(3)(A)(ii) and $900 for conversion of the program.

DATED:  December 13, 2012

*Ronald M. Whyte*
Ronald M. Whyte
United States District Judge

ORDER GRANTING IN PART MOTION TO AMEND
JUDGMENT
CASE NO. C-11-06168-RMW                 - 2 -